## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Ch. 13 |
| | ) | |
| Mary Ellen Wodzisz | ) | CASE NO. 12-48199 |
| | ) | The Hon. Bruce W. Black |
| Debtor. | ) | |

**BMO HARRIS BANK, N.A.'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO DETERMINE AMOUNT OF FINAL CURE PAYMENT**

NOW COMES the Creditor, BMO HARRIS BANK, N.A., by and through their attorney, EGAN & ALAILY, LLC, and for BMO Harris' response to Debtor's motion to determine amount of final cure payment states as follows:

**I.    Procedural History**

On February 19, 2016, the Trustee filed a Notice of Final Mortgage Cure with the Court. On March 11, 2016, BMO Harris filed a Response to the Trustee's Notice of Final Cure, which showed that the Debtor was $42,495.31 in arrears.

On March 29, 2016, Debtor filed a Motion to Determine Amount of Final Cure Payment, which she later supplemented, arguing that the amount to cure was $6,516.22. BMO Harris now files its response to Debtor's motion.

**II.    Argument**

At issue is a dispute regarding the amount owed by the Debtor to cure her post-petition arrears. The parties agree (as the aforementioned documents reveal) on the post-petition payments made by the Debtor. The parties disagree on the monthly payment amount owed by the Debtor. Two main documents reveal the parties' position. BMO Harris' March 11, 2016 Response to the Trustee's Notice of Final Cure, and Exhibit C to the Debtor's Supplement filed June 22, 2016.

BMO Harris' response is a *sworn* document which attaches a business record revealing that the Debtor was paid through July 1, 2014, but as of March 1, 2016 was $42,495.31 in post-petition arrears.  On the other hand, Exhibit C to the Debtor's Supplement lacks any foundation whatsoever and is not sworn to, thereby providing no evidentiary basis for consideration by this Court.  <u>In re 11447 Second St. I, LLC</u>, 2013 Bankr. LEXIS 3274 (N. Ill. Bankr.) *citing the following:* Sec'y of Labor v. DeSisto, 929 F.2d 789, 796 (1st Cir. 1991) (error for district court to refer to "certain depositions that had not been put into evidence"); In re Watson, 402 B.R. 294, 296 (Bankr. N.D. Ind. 2009) (exhibits "merely attached to a memorandum of law" had "no evidentiary effect"); In re Holly's Inc., 190 B.R. 297, 301 (Bankr. W.D. Mich. 1995) (documents attached to brief "were not properly admitted into evidence and, therefore, cannot be considered by this court in ruling").

Notwithstanding the above, a review of Debtor's Exhibit C reveals the problem - the Debtor has calculated, to her own benefit and without foundation, the amount allegedly due to BMO over the life of the plan.  (*See* Exhibit C to Debtor's Supplement, line "Total Payments Due").  The Debtor has simply taken the (alleged) annual tax bill, divided by twelve months, and added to the monthly principal and interest.   The Debtor has failed to take into account that, due to escrow, the Debtor's monthly payment for 2013 and 2014 was $2,800.85 (not $1,927.33 and $1,928.40 as alleged by the Debtor).  (*See* business record excerpt from BMO Harris' Response to Trustee's Notice of Cure attached hereto as Exhibit A).  So, even though the Debtor was making monthly payments for 2013 and 2014, they were not in a sufficient amount to meet her payment obligations, which has caused the significant post-petition default.

Section C of the Debtor's confirmed plan states the following: "The debtor will make current monthly payments, as listed in the debtor's Schedule J - <u>increased or decreased as</u>

<u>necessary</u> to reflect changes in variable interest rates, <u>escrow requirements</u>, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property. (Underline emphasis added). At the time of Debtor's petition (and plan confirmation), her monthly payment amount was $2,800.85. This was reduced to $1,927.32 as of January 1, 2015, as reflected in BMO Harris' Notice of Payment Change. However, the Debtor cannot escape her obligation to pay $2,800.85/month in 2013 and 2014 simply by filing an unattested worksheet that fails to reflect the Debtor's actual payment obligations. Nor does the Debtor's motion rebut the sworn statements in BMO Harris' Response to the Trustee's Final Notice of Cure.

WHEREFORE, Creditor BMO Harris Bank N.A. asks that the Court deny the relief sought in the Debtor's Motion, and for any other relief deemed just and equitable.

BMO Harris Bank, N.A.

By:

/s/ Adham Alaily
    One of its attorneys

Egan & Alaily, LLC
321 North Clark Street, Suite 1430
Chicago, Illinois 60654
(312) 253-8640
ARDC: 6288925